# United States Court of Appeals for the Federal Circuit

06-1161

SOL SHEINBEIN,

Plaintiff-Appellant,

v.

Jon W. Dudas, DIRECTOR, U.S. PATENT AND TRADEMARK OFFICE,

Defendant-Appellee.

Sol Sheinbein, of Falls Church, Virginia, pro se.

John M. Whealan, Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Arlington, Virginia, for defendant-appellee. With him on the brief were Thomas L. Stoll, Linda M. Isacson, and Sydney O. Johnson, Jr., Associate Solicitors.

Appealed from: United States District Court for the District of Columbia

Judge Ellen Segal Huvelle

# United States Court of Appeals for the Federal Circuit

06-1161

SOL SHEINBEIN,

Plaintiff-Appellant,

v.

Jon W. Dudas, DIRECTOR, U.S. PATENT & TRADEMARK OFFICE,

Defendant-Appellee.

_____

DECIDED: September 25, 2006

_____

Before NEWMAN, LOURIE, and RADER, Circuit Judges.

LOURIE, Circuit Judge.

## DECISION

Sol Sheinbein appeals from the judgment of the United States District Court for the District of Columbia sustaining the decision of the United States Patent and Trademark Office ("USPTO") excluding Sheinbein from practice before the USPTO. Sheinbein v. Dudas, Civ. No. 05-1460 (D.D.C. Oct. 25, 2005) ("Decision"). Because the USPTO has statutory authority to so exclude Sheinbein based on his disbarment in other jurisdictions, and because the statute of limitations does not preclude Sheinbein's exclusion, we affirm.

BACKGROUND

In 1997, Sheinbein, a member of the bars of the District of Columbia and the State of Maryland and an attorney registered to practice in the USPTO, helped his son flee to Israel after learning that the son was being investigated in connection with a murder. Decision, slip op. at 1-2. In 2001, the Maryland Court of Appeals determined that Sheinbein had committed the criminal act of obstructing or hindering a police officer and had engaged in conduct prejudicial to the administration of justice. Id., slip op. at 2. Based on those findings, Sheinbein was barred from practicing law in Maryland on December 16, 2002. Id. On March 11, 2004, the D.C. Court of Appeals barred Sheinbein from the practice of law in the District of Columbia as reciprocal discipline for his misconduct in Maryland. Id.

In March 2004, the Director of the USPTO's Office of Enrollment and Discipline filed a complaint instituting a disciplinary proceeding pursuant to 37 C.F.R. § 10.134 that proposed to exclude Sheinbein from practice in the USPTO based on his disbarment in the State of the Maryland and the District of Columbia. Id., slip op. at 2-3. Following motions for summary judgment by both the USPTO and Sheinbein, an Administrative Law Judge ("ALJ") issued an Initial Decision holding that Sheinbein should be excluded from practice in the USPTO for two reasons: first, reciprocal discipline due to his disbarment in Maryland and the District of Columbia; and second, applying the five factors in 37 C.F.R. § 10.154(b), disbarment was the "only appropriate sanction." Id., slip op. at 3. Sheinbein appealed the ALJ's Initial Decision to the Director of the USPTO, who adopted the ALJ's factual findings and legal conclusions and imposed the sanction of excluding Sheinbein from practice in the USPTO. Id.

Sheinbein appealed the USPTO's decision to the United States District Court for the District of Columbia. Id., slip op. at 4. On October 24, 2005, the district court granted the USPTO's motion for summary judgment of affirmance and dismissed the case. Id., slip op. at 8. The court held that the clear and unambiguous language of the applicable USPTO regulations, 37 C.F.R. § 10.23(a), (b), and (c)(5), supported Sheinbein's exclusion from practice in the USPTO. Id. The court also rejected Sheinbein's argument that the five-year statute of limitations imposed by 28 U.S.C. § 2462 precluded his exclusion from practice. Id., slip op. at 6. The court reasoned that the trigger for the statute of limitations was Sheinbein's actual disbarment by the State of Maryland and the District of Columbia in 2002 and 2004. Id. Further, the court determined that there was no basis for it to limit, as argued by Sheinbein, the "conduct" referred to in the USPTO regulation to the underlying misconduct that resulted in the disbarments. Id., slip op. at 7-8.

Sheinbein timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1). See Wyden v. Comm'r of Patents and Trademarks, 807 F.2d 934, 936 (Fed. Cir. 1986) ("An action for review of a decision of the Commissioner of the Patent and Trademark Office disciplining an attorney pursuant to 35 U.S.C. § 32 arises under an Act of Congress relating to patents. Therefore, jurisdiction in the District Court is based at least in part on 28 U.S.C. § 1338, and appellate review of that court's decision is granted exclusively to the Federal Circuit by 28 U.S.C. § 1295(a).").

## DISCUSSION

We review a district court's grant of summary judgment de novo, reapplying the standard applicable in the district court. Rodime PLC v. Seagate Tech., Inc., 174 F.3d

1294, 1301 (Fed. Cir. 1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

On appeal, Sheinbein argues that the USPTO's authority to sanction him is limited to sanctions based directly on his conduct, not on findings of other jurisdictions regarding his conduct. He also contends that his exclusion is precluded by the five-year statute of limitations set forth in 28 U.S.C. § 2462, and that the USPTO's interpretation of 37 C.F.R. § 10.23(c)(5) is invalid and inconsistent with that statute. According to Sheinbein, the five-year statute of limitations for reciprocal discipline runs, not from the date of his disbarment in a sister jurisdiction, but instead from the earlier date of the underlying actions that are the basis for his disbarment in the sister jurisdiction.

The government responds that the USPTO properly excluded Sheinbein in accordance with 37 C.F.R. § 10.23(c)(5). According to the government, its interpretation of § 10.23(c)(5) is consistent with the provision's plain meaning, and is not plainly erroneous or inconsistent with the regulation. The government also argues that, pursuant to 28 U.S.C. § 2462, a claim does not accrue until the factual and legal prerequisites for filing suit exist, and, in the case of a reciprocal discipline proceeding, a claim accrues on the date of an attorney's actual disbarment in another jurisdiction. The government asserts that the statute of limitations in this case was triggered by Sheinbein's disbarments, not his underlying misconduct. Further, the government points out that, because the USPTO is often not in a position to conduct an efficient investigation of a practitioner's conduct and must await the findings of a sister

06-1161                                    -4-

jurisdiction, adopting Sheinbein's position would result in the USPTO being precluded from imposing reciprocal discipline where it would be justified.

We agree with the government that it properly excluded Sheinbein from practice in the USPTO based on his disbarment in the State of Maryland and the District of Columbia. As an initial matter, we note that because the parties do not dispute the facts, the only issues before us are that of statutory and regulatory interpretation. 35 U.S.C. § 32 provides that the USPTO has statutory authority to exclude "from further practice before the Patent and Trademark Office, any person, agent, or attorney shown to be incompetent or disreputable, or guilty of gross misconduct, or who does not comply with the regulations established under section 2(b)(2)(D) of this title." 35 U.S.C. § 2(b)(2)(D) delegates to the USPTO the authority to establish regulations that "govern the . . . conduct of . . . attorneys" practicing before the Office.

Pursuant to this statutory authority, the USPTO has enacted disciplinary rules. As stated in 37 C.F.R. § 10.20, "Disciplinary Rules are set out in §§ 10.22-10.24. . . . Disciplinary Rules are mandatory in character and state the minimum level of conduct below which no practitioner can fall without being subjected to disciplinary action." 37 C.F.R. § 10.20(b). One such disciplinary rule is 37 C.F.R. § 10.23. 37 C.F.R. § 10.23(a) and (b) provide that:

> (a)    A practitioner shall not engage in disreputable or gross misconduct.
> (b)    A practitioner shall not:
>     (1)    Violate a Disciplinary Rule.
>     (2)    Circumvent a Disciplinary Rule through actions of another.
>     (3)    Engage in illegal conduct involving moral turpitude.
>     (4)    Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
>     (5)    Engage in conduct that is prejudicial to the administration of justice.
>     (6)    Engage in any other conduct that adversely reflects on the

practitioner's fitness to practice before the Office.

37 C.F.R. §§ 10.23(a), (b).  37 C.F.R. § 10.23(c) then lists specific examples of conduct and findings that are violations of §§ 10.23(a) and (b), including "[s]uspension or <u>disbarment</u> from practice as an attorney or agent <u>on ethical grounds</u> by any duly constituted authority of a State or the United States."  37 C.F.R. § 10.23(c)(5) (emphases added).

Based on the plain language of 37 C.F.R. § 10.23(c)(5), we agree that a practitioner may be found unfit to practice based solely on his disbarment in another jurisdiction.  In such cases, the exclusion is based on the finding of the other jurisdiction regarding the practitioner's conduct, not based on the conduct that resulted in the disbarment.  Here, Sheinbein was disbarred in the State of Maryland and the District of Columbia on ethical grounds.  Those disbarments fall within the strictures of § 10.23(a) and (b), and expressly § 10.23(c)(5).  Because Sheinbein's prior disbarments violated § 10.23, the USPTO properly excluded Sheinbein from practice.

We reject Sheinbein's argument that the five-year statute of limitations imposed by 28 U.S.C. § 2462 precludes his exclusion from practice in the USPTO.  Pursuant to 28 U.S.C. § 2462, "an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued."  "A claim normally accrues when the factual and legal prerequisites for filing suit are in place." <u>3M Co. v. Browner</u>, 17 F.3d 1453, 1460 (D.C. Cir. 1994).  Here, the basis for the USPTO's reciprocal proceeding was Sheinbein's violation of § 10.23.  Because Sheinbein could not be charged with violating § 10.23 until his disbarment by the State

of Maryland in 2002 and the District of Columbia in 2004, the legal prerequisites for his exclusion were not satisfied until those acts occurred. The USPTO's filing of its complaint in March 2004 therefore occurred within the limitations period.

We have considered Sheinbein's remaining arguments and find them to be unpersuasive. The decision of the district court is therefore

<u>AFFIRMED</u>.