NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FENG LI,**

*Plaintiff-Appellant*

**v.**

**JOSEPH MATAL, PERFORMING THE FUNCTIONS & DUTIES OF THE UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR, U.S. PATENT & TRADEMARK OFFICE, UNITED STATES PATENT AND TRADEMARK OFFICE,**

*Defendants-Appellees*

---

2017-1684

---

Appeal from the United States District Court for the Eastern District of Virginia in No. 1:15-cv-00668-AJT-IDD, Judge Anthony J. Trenga.

---

Decided: August 8, 2017

---

FENG LI, New York, NY, pro se.

ANDREW SUN HAN, Office of the United States Attorney for the Eastern District of Virginia, Alexandria, VA, for defendants-appellees. Also represented by DANA J.

BOENTE; NATHAN K. KELLEY, THOMAS W. KRAUSE, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA.

---

Before PROST, *Chief Judge,* CLEVENGER, and STOLL, *Circuit Judges.*

PER CURIAM.

Feng Li appeals from the decision of the United States District Court for the Eastern District of Virginia granting the motion of the United States Patent and Trademark Office ("USPTO") and the Director of the USPTO (collectively, "Appellees") to dismiss Mr. Li's complaint for lack of subject matter jurisdiction and failure to state a claim, thereby affirming the USPTO's decision to exclude Mr. Li from practice before the USPTO. Li v. Matal, No. 15-cv-668 (E.D. Va. Jan. 22, 2016). We *affirm*.

I

In 2005, Mr. Li took over the representation of a group of individuals in litigation regarding a real estate transaction in New York. After successfully obtaining a judgment for his clients, Mr. Li disagreed with his clients on the amount of attorney's fees he was owed, resulting in his clients filing suit in New Jersey state court. Knowing the fees were in dispute, Mr. Li transferred $1.2 million of the judgment into trust funds in his children's names. The New Jersey Office of Attorney Ethics determined that Mr. Li violated the New Jersey Rules of Professional Conduct by taking possession of client funds he knew to be disputed. In 2013, the Supreme Court of New Jersey disbarred Mr. Li from the practice of law based on attorney misconduct.

In 2014, the Director of the USPTO's Office of Enrollment and Discipline initiated reciprocal discipline proceedings against Mr. Li based on his disbarment in the

State of New Jersey. The USPTO Director then issued a Notice and Order pursuant to 37 C.F.R. § 11.24, informing Mr. Li of the possibility that he would be excluded from practice before the USPTO. Mr. Li's response to the Notice and Order did not dispute the fact that he had been disbarred in New Jersey, but rather argued that reciprocal discipline by the USPTO was not justified because the New Jersey Supreme Court did not have jurisdiction to disbar him based on his conduct in New York. He further argued that the New Jersey Supreme Court's actions violated the due process, equal protection, and Ex Post Facto clauses of the U.S. Constitution. On April 28, 2015, the Director of the USPTO issued a final order pursuant to 37 C.F.R. § 11.24, excluding Mr. Li from practice before the USPTO. The USPTO Director carefully applied § 11.24 and found that Mr. Li failed to meet his burden to show by clear and convincing evidence that: (1) the New Jersey disciplinary process was "so lacking in notice or opportunity to be heard;" (2) there was an "infirmity of proof" establishing his conduct; or (3) a "grave injustice" would result from his disbarment. Appx. 156-63.

On May 26, 2015, Mr. Li filed a complaint against Appellees in the District Court for the Eastern District of Virginia. His complaint set forth seven causes of action, covering a panoply of claims under various civil rights statutes. On November 16, 2015, Appellees filed motions to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. Construing Mr. Li's complaint as a petition under 35 U.S.C. § 32 for judicial review of the USPTO's decision to exclude him from appearing before that office, Appellees also filed a response to the petition. Despite Appellees having served Mr. Li and filed with each motion a copy of a formal *Roseboro* notice informing Mr. Li of his right to file an opposition and consequences of failing to do so, Mr. Li did not file any opposition.

A hearing was held on Appellees' motions to dismiss on January 22, 2016. Mr. Li failed to appear. Finding that no good cause existed to excuse Mr. Li's failure to oppose Appellees' motions, the court proceeded with the hearing and granted the motions to dismiss. The court then affirmed the USPTO's final order excluding Mr. Li from practice. Recognizing Mr. Li's pro se status, the court broadly construed the complaint as a request under 35 U.S.C. § 32 for judicial review of the USPTO's decision to impose reciprocal discipline based on his disbarment in New Jersey. The district court held that § 32 is "the exclusive mechanism by which to challenge the actions of the USPTO with respect to the reciprocal discipline that was imposed." 1/22/16 Hearing Transcript 6:1–4, Dkt. No. 39 ("Tr."). The district court affirmed the USPTO's decision, holding that its "findings and resulting reciprocal discipline against the plaintiff [were] not arbitrary and capricious," and that "those findings were fully supported by the record." *Id.* at 6:24–7:4. Mr. Li filed a motion for reconsideration of the court's dismissal order and the district court denied that motion.

Mr. Li appealed to the Fourth Circuit. Concluding that it lacked appellate jurisdiction over a claim of the type asserted by Mr. Li, the Fourth Circuit transferred the appeal to this court pursuant to 28 U.S.C. § 1631. Order, Li v. Lee, No. 16-1569 (4th Cir. Feb. 23, 2017). Regardless of how Mr. Li styled the complaint, his claim for review of the USPTO's exclusion of Mr. Li from practice before the USPTO constitutes a request for judicial review under 35 U.S.C. § 32. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## II

Judicial review of a disciplinary action taken by the USPTO is governed by the provisions of the Administrative Procedure Act. *Bender v. Dudas*, 490 F.3d 1361, 1365–66 (Fed. Cir. 2007). A disciplinary decision will be

upheld unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* (quoting 5 U.S.C. § 706). Our review of a district court's decision on a petition brought pursuant to 35 U.S.C. § 32 is de novo, "reapplying the standard" applied by the district court under the APA. *Sheinbein v. Dudas*, 465 F.3d 493, 495 (Fed. Cir. 2006). This court applies the rule of the regional circuit to resolve the question whether a Rule 12(b) motion was properly granted. *Superior Indus., LLC v. Thor Global Enters Ltd.*, 700 F.3d 1287, 1292 (Fed. Cir. 2012). The Fourth Circuit reviews de novo a district court's decision granting a motion to dismiss. *Sucampo Pharm., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006).

We first address the dismissal of Mr. Li's various civil rights claims, including claims under 42 U.S.C. §§ 1981, 1983, and 1985 and claims for violations of multiple Constitutional Amendments. After reviewing "these causes of action in detail and the facts alleged to support them," the district court concluded that Mr. Li "failed to allege facts that make any of these claims plausible with respect to the challenged actions by the [USPTO]." Tr. at 5:15–20. We need not decide whether any of Mr. Li's arguments on appeal were waived by his failure to respond to the dismissal motions because we agree with the district court that the complaint fails to present facts sufficient to survive the motion to dismiss stage. We therefore affirm the district court's granting of Appellees' motions to dismiss.

We next turn to the district court's decision to affirm the USPTO's final order excluding Mr. Li from practice before the office. Because of Mr. Li's pro se status, the district court construed his complaint as a request under § 32, despite his failure to explicitly request judicial review of the USPTO's decision. Tr. at 5:21-6:1. The court found that the administrative record proved that "the USPTO engaged in a comprehensive and thorough

analysis of the applicable factors governing whether to impose reciprocal discipline." *Id.* at 6:12–14. Specifically, the administrative record shows that the USPTO properly considered the factors as set forth in 37 C.F.R. § 11.24: (1) "whether the New Jersey disciplinary proceedings were so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;" (2) "whether there was an infirmity of proof establishing the conduct as to give rise to a clear conviction that the USPTO should not discipline the plaintiff;" and (3) "whether the imposition of the same discipline by the USPTO would result in grave injustice." *Id.* at 6:15–23. Following its thorough analysis, the district court determined that the USPTO's "findings and resulting reciprocal discipline against the plaintiff [was] not arbitrary and capricious," and that "those findings were fully supported by the record." *Id.* at. 6:24–7:4. Mr. Li has not presented any arguments on appeal to convince us that the USPTO's decision to impose reciprocal discipline was arbitrary or capricious and we therefore affirm the district court's decision.

## CONCLUSION

Because we agree with the district court that Mr. Li failed to allege any facts sufficient to withstand a motion to dismiss, we affirm the court's granting of Appellees' motions to dismiss. We also agree with the district court's characterization of the complaint as a request under § 32 and conclude that Mr. Li failed to show that the USPTO's decision to exclude him from practice before the office was arbitrary and capricious. We affirm the district court's dismissal of this action.

## **AFFIRMED**

## COSTS

No costs.