NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD POLIDI,**
*Plaintiff-Appellant*

**v.**

**JOSEPH MATAL, PERFORMING THE FUNCTIONS AND DUTIES OF THE UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR, U.S. PATENT & TRADEMARK OFFICE,**
*Defendant-Appellee*

---

2016-1997

---

Appeal from the United States District Court for the Eastern District of Virginia in No. 1:15-cv-01030-TSE-MSN, Judge T. S. Ellis III.

---

Decided: October 12, 2017

---

LOUIS A. PICCONE, Hawkesbury, Ontario, Canada, argued for plaintiff-appellant.

KIMERE JANE KIMBALL, Office of the United States Attorney for the Eastern District of Virginia, Alexandria, VA, argued for defendant-appellee. Also represented by

DANA J. BOENTE; NATHAN K. KELLEY, THOMAS W. KRAUSE, SYDNEY O. JOHNSON, JR., ELIZABETH ULLMER MENDEL, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA.

————————————

Before NEWMAN, CHEN, and STOLL, *Circuit Judges*.

PER CURIAM.

Richard Polidi appeals the decision of the United States District Court for the Eastern District of Virginia affirming the United States Patent and Trademark Office's decision to exclude Mr. Polidi from practice before the PTO and dismissing his petition for judicial review. *Polidi v. Lee*, No. 15-cv-1030 (E.D. Va. Nov. 24, 2015). We affirm.

## BACKGROUND

On July 21, 2014, Mr. Polidi surrendered his license to practice law in North Carolina after conceding that he could not successfully defend himself in a pending professional misconduct investigation. After his surrender, Mr. Polidi was disbarred from the practice of law in North Carolina by consent order of disbarment.

In 2015, the Director of the PTO's Office of Enrollment and Discipline initiated reciprocal disciplinary proceedings against Mr. Polidi based on his disbarment in North Carolina. On February 10, 2015, the Director issued a Notice and Order pursuant to 37 C.F.R. § 11.24 informing Mr. Polidi of the possibility that he would be excluded from practicing before the PTO. The Notice and Order gave Mr. Polidi 40 days to file a response containing all information that Mr. Polidi believed "sufficient to establish a genuine issue of material fact that the imposition of the discipline identical to that imposed" in North Carolina "would be unwarranted and the reasons for such claim." J.A. 15–16.

Mr. Polidi sought and received three extensions of time to respond. Prior to the extended June 11, 2015 response deadline, Mr. Polidi submitted a request for discovery, asking that "the OED disclose material in its possession that tends to assist in the defense of the present matter." J.A. 147. Mr. Polidi renewed this discovery request on June 10, 2015. Neither discovery request, however, provided any basis for why he thought the PTO might have exculpatory evidence. The PTO denied these requests, explaining that discovery was only allowed in "contested" cases and that Mr. Polidi's case was not "contested" because he had not yet filed a response. Thereafter, on July 14, 2015, the PTO, in light of his failure to file a response, imposed reciprocal discipline, excluding Mr. Polidi from practicing before the PTO.

Mr. Polidi subsequently filed a petition for review in the district court, arguing that the PTO erred by denying his discovery requests. The district court affirmed the PTO's decision and dismissed Mr. Polidi's petition for judicial review, determining that "there is no basis to conclude that the PTO's decision to exclude petitioner from practice before the agency was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" J.A. 179 (quoting 5 U.S.C. § 706).

Mr. Polidi appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

Judicial review of a disciplinary action taken by the PTO is governed by the provisions of the Administrative Procedure Act. *Bender v. Dudas*, 490 F.3d 1361, 1365–66 (Fed. Cir. 2007). A disciplinary decision will be upheld unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* (quoting 5 U.S.C. § 706). Our review of a district court's decision on a petition brought pursuant to 35 U.S.C. § 32 is de novo, "reapplying the standard" applied by the district

court under the APA. *Sheinbein v. Dudas*, 465 F.3d 493, 495 (Fed. Cir. 2006).

Pursuant to its authority, the PTO has determined that it will impose reciprocal discipline against a practitioner who has been disciplined or disqualified by another jurisdiction, such as a state bar. 37 C.F.R. § 11.24. In a reciprocal matter, the Director is charged with imposing "the identical public censure, public reprimand, probation, disbarment, suspension or disciplinary disqualification *unless the practitioner clearly and convincingly demonstrates* and the . . . Director finds" that there is "a genuine issue of material fact" as to one of the following factors derived from the Supreme Court's decision in *Selling v. Radford*, 243 U.S. 46, 50–51 (1917):

> (i) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;
>
> (ii) There was such infirmity of proof establishing the conduct as to give rise to the clear conviction that the Office could not, consistently with its duty, accept as final the conclusion on that subject;
>
> (iii) The imposition of the same public censure, public reprimand, probation, disbarment, suspension or disciplinary disqualification by the Office would result in grave injustice; or
>
> (iv) Any argument that the practitioner was not publicly censured, publicly reprimanded, placed on probation, disbarred, suspended or disciplinarily disqualified.

37 C.F.R. § 11.24(d)(1) (emphasis added).

Here, Mr. Polidi never responded to the PTO's notice of reciprocal discipline despite multiple extensions. Thus, he failed to clearly and convincingly demonstrate, whether in a response or otherwise, a genuine issue of material

fact as to one of the four *Radford* factors. As to Mr. Polidi's denied discovery requests, which he maintains on appeal were denied in error, Mr. Polidi never provided the PTO with any reasonable basis as to why his request was appropriate. While Mr. Polidi attempted to provide a basis for his discovery requests at oral argument, the PTO's denial of such requests and imposition of reciprocal discipline was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.[1]

## CONCLUSION

We have carefully considered Mr. Polidi's remaining arguments and determined that they lack merit. For the reasons stated above, we affirm.

## AFFIRMED

## COSTS

No costs.

---

[1] We have also considered the arguments contained in Mr. Polidi's motion to correct the record and his accompanying reply but find them unpersuasive.