NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**RICHARD POLIDI,**
*Plaintiff-Appellant*

**v.**

**MICHELLE K. LEE, JAMES O. PAYNE, ELIZABETH U. MENDEL, JOHN HEATON, KIMBERLY C. WEINREICH, UNITED STATES,**
*Defendants-Appellees*

_____

2018-2277

_____

Appeal from the United States District Court for the Eastern District of Virginia in No. 1:17-cv-01133-LMB-IDD, Judge Leonie M. Brinkema.

_____

Decided: November 8, 2019

_____

RICHARD POLIDI, Raleigh, NC, pro se.

KIMERE JANE KIMBALL, Office of the United States Attorney for the Eastern District of Virginia, Alexandria, VA, for defendants-appellees. Also represented by G. ZACHARY TERWILLIGER.

_____

Before LOURIE, DYK, and MOORE, *Circuit Judges.*

PER CURIAM.

Richard Polidi appeals the decision of the United States District Court for the Eastern District of Virginia dismissing his complaint for lack of subject matter jurisdiction. We conclude that we lack jurisdiction over this appeal but decline to transfer because Polidi's claim is frivolous. We therefore dismiss Polidi's appeal.

## BACKGROUND

On July 21, 2014, Polidi surrendered his license to practice law in North Carolina after conceding that he could not successfully defend himself in a pending professional misconduct investigation. He was subsequently disbarred. In 2015, the United States Patent Office ("USPTO") initiated reciprocal disciplinary proceedings against Polidi based on his disbarment in North Carolina. After Polidi failed to file a response to the USPTO's notice within the response deadline,[1] the USPTO imposed reciprocal discipline and excluded Polidi from practicing before the USPTO. Polidi petitioned for judicial review of the USPTO's decision, and the district court affirmed that decision and dismissed his petition for judicial review. We affirmed the district court's decision, holding that, *inter alia*, Polidi failed to demonstrate "any reasonable basis as to why his request [for discovery] was appropriate" and his argument that the USPTO disciplinary proceedings violated his due process rights was meritless. *Polidi v. Matal*, 709 F. App'x 1016, 1018 (Fed. Cir. 2017).

On July 14, 2017, Polidi filed a civil action in Virginia state court alleging various state tort law claims against certain USPTO officials. Those officials were: Michelle K.

---

[1]    Polidi received three extensions to the forty-day deadline under 37 C.F.R. § 11.24.

Lee, former USPTO Director; James Payne, former Deputy General Counsel; Elizabeth U. Mendel, Associate Solicitor; John Heaton, Associate Counsel; and Kimberly Weinreich, Office of Enrollment and Discipline Staff Attorney (collectively, "appellee USPTO officials"). The case was subsequently removed to the district court, where Polidi amended his complaint, dropping his state tort claims and adding claims for (1) declaratory judgment against the United States and appellee USPTO officials, (2) monetary damages under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) against appellee USPTO officials, and (3) relief under 18 U.S.C. § 1964(c) ("RICO") against appellee USPTO officials.

The district court dismissed Polidi's claims against the United States for lack of subject matter jurisdiction on ground of sovereign immunity. The district court noted that even if it did have jurisdiction, Polidi's claims would have been barred under the doctrine of claim preclusion by our earlier decision in *Polidi v. Matal*. The district court dismissed Polidi's claims against the appellee USPTO officials for lack of subject matter jurisdiction on ground of absolute quasi-judicial immunity. The district court held in the alternative that Polidi's complaint (1) failed to allege a plausible due process claim as to his request for declaratory judgment and monetary damages under *Bivens*; and (2) failed to allege a plausible claim under RICO. Polidi appeals.

## DISCUSSION

This circuit has exclusive jurisdiction over any appeal of a district court's final judgment "in any civil action arising under . . . any Act of Congress relating to patents." 28 U.S.C. § 1295(a)(1). Our jurisdiction extends "only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law."

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988). When a cause of action is not created by federal patent law, it nonetheless "aris[es] under" federal patent law if it presents a patent issue that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Jang v. Bos. Sci. Corp.*, 767 F.3d 1334, 1336 (Fed. Cir. 2014) (quoting and applying *Gunn v. Minton*, 568 U.S. 251, 258 (2013), to 28 U.S.C. § 1295(a)(1)).

Polidi's amended complaint contains three claims for relief: (1) declaratory judgment under 28 U.S.C. § 2201, (2) monetary damages under *Bivens*, and (3) relief under 18 U.S.C. § 1964(c) ("RICO"). None of Polidi's claims "arises under" federal patent law. First, no claims here allege a cause of action created by federal patent law. Second, Polidi's amended complaint fails to raise any substantial issue of patent law that is necessary for the disposition of his case. *See Jang*, 767 F.3d at 1336. Thus, we lack jurisdiction to review Polidi's appeal. *See Goldstein v. Moatz*, 364 F.3d 205, 210 n.8 (4th Cir. 2004).

Under 28 U.S.C. § 1631, this court may transfer an action that is filed in the wrong court "if it is in the interest of justice." We conclude that transfer is not in the interest of justice since Polidi's claims are frivolous. *See Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1005 (Fed. Cir. 1987) (finding that "[j]ustice does not require transfer to any other court" under 28 U.S.C. § 1631 when appellant's claim was frivolous).

"[T]he general rule is that '[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *B&B Hardware, Inc. v. Hargis Indus.*, 135 S. Ct. 1293, 1303 (2015) (quoting Restatement (Second) of

Judgments § 27); *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 937 F.3d 1359, 1373 (Fed. Cir. 2019) ("Defensive collateral estoppel is issue preclusion in which the defendant seeks to bar the plaintiff from relitigating an issue on which the plaintiff has lost against a different defendant in a prior case."). Polidi's declaratory judgment and *Bivens* claims are premised on assertions that the USPTO violated his due process rights in his disciplinary proceeding—the same assertions he raised and were decided in the prior case—and those claims are barred by issue preclusion. *Polidi v. Lee*, No. 1:15-cv-1030, 2015 WL 13674860, at *3, 2015 U.S. Dist. LEXIS 191329, at *6–7 (E.D. Va. Nov. 24, 2015), *aff'd sub nom. Polidi v. Matal*, 709 F. App'x 1016 (Fed. Cir. 2017). That judgment remains conclusive here. His RICO claim is likewise facially without substance. *See* 18 U.S.C. §§ 1962(c), 1964(c).

Accordingly, we dismiss Polidi's appeal.

## DISMISSED

### COSTS

Costs to appellees.