NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LOUIS A. PICCONE,**
*Petitioner-Appellant*

**v.**

**UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Respondent-Appellee*

**TEN UNKNOWN U.S. PATENT AND TRADEMARK OFFICE EMPLOYEES,**
*Respondent*

---

2019-1471

---

Appeal from the United States District Court for the Eastern District of Virginia in No. 1:18-cv-00307-LMB-IDD, Judge Leonie M. Brinkema.

---

Decided: November 20, 2019

---

LOUIS A. PICCONE, Hawkesbury, Ontario, Canada, pro se.

KIMERE JANE KIMBALL, Office of the United States Attorney for the Eastern District of Virginia, Alexandria, VA,

for respondent-appellee. Also represented by G. ZACHARY
TERWILLIGER.

————————————

Before LOURIE, MOORE, and CHEN, *Circuit Judges.*

PER CURIAM.

Louis Piccone appeals a decision of the United States
District Court for the Eastern District of Virginia dismiss-
ing his petition for review of the final decision of the Direc-
tor of the United States Patent and Trademark Office
(PTO) suspending Mr. Piccone from practice before the
PTO for three years. *See Piccone v. United States Patent &
Trademark Office*, No. 18-CV-00307, 2018 WL 5929631
(E.D. Va. Nov. 13, 2018). Because the PTO's decision to
suspend Mr. Piccone was not arbitrary, capricious or an
abuse of discretion, or otherwise not in accordance with
law, we *affirm*.

## BACKGROUND

Mr. Piccone is an attorney admitted to the Pennsylva-
nia bar. In 1997, he registered as an attorney authorized
to practice before the PTO.

Between 2007 and 2014, Mr. Piccone's Pennsylvania
bar license was thrice suspended: September 1, 2011 to Oc-
tober 11, 2011, for failure to comply with continuing legal
education requirements (CLE); October 19, 2012 to Decem-
ber 21, 2012, for failing to pay bar membership fees; and
September 20, 2013 to August 13, 2014, again for failure to
comply with CLE requirements. During that time, Mr. Pic-
cone also received repeated censures for his formal and in-
formal participation in non-Pennsylvania cases. *See, e.g.*,
*Doe v. Briggs*, 945 F. Supp. 2d 210 (D. Mass. 2013); *Katz v.
McVeigh*, No. 10-CV-410, 2012 WL 1379647 (D.N.H. Apr.
20, 2012); *Pease v. Burns*, 679 F. Supp. 2d 161 (D. Mass.
2010); *Nolan v. Primagency, Inc.*, No. 07-CV-134, 2008 WL
1758644 (S.D.N.Y. Apr. 16, 2008); *Nolan v. Primagency,*

*Inc.*, No. 07-CV-134, 2008 WL 650387 (S.D.N.Y. Mar. 3, 2008). The actions leading to those censures fall into three broad categories of conduct: (1) unauthorized practice of law, (2) failure to adhere to *pro hac vice* admission standards, and (3) neglecting client matters.

On December 11, 2013, the PTO became aware of Mr. Piccone's misconduct when the executive director of the Massachusetts Board of Bar Examiners called and emailed the PTO Office of Enrollment and Discipline (OED) regarding the impact of Mr. Piccone's suspension from practice in Pennsylvania on his license to practice before the PTO. After some independent searching, OED identified the many decisions discussing Mr. Piccone's conduct, leading to an OED investigation.

On December 10, 2014, OED issued a nine-count complaint alleging misconduct by Mr. Piccone. J.A. 317–41. In addition to Mr. Piccone's behavior in U.S. district courts, the complaint identified that Mr. Piccone acted as an attorney in a matter before the PTO while his Pennsylvania bar license was suspended. After a two-day hearing, an Administrative Law Judge found against Mr. Piccone on eight of the nine counts and recommended a three-year suspension from practicing before the PTO. *See* J.A. 248–316. Mr. Piccone sought review from the Director, who affirmed. *See* J.A. 626–61. The Director declined Mr. Piccone's request for reconsideration. Mr. Piccone then filed a petition for review in the Eastern District of Virginia, which was dismissed. *Piccone*, 2018 WL 5929631, at *7.

Mr. Piccone now appeals to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1). *See also Sheinbein v. Dudas*, 465 F.3d 493, 494–95 (Fed. Cir. 2006).

## DISCUSSION

The PTO has authority to establish regulations that "govern the recognition and conduct of agents, attorneys, or other persons representing applicants or other parties

before the Office." 35 U.S.C. § 2(b)(2)(D). As relevant here, it has exercised this authority by enacting the Code of Professional Responsibility, 37 C.F.R. §§ 10.20 *et seq.* (2004), which governed attorney conduct up to May 3, 2013, and the Rules of Professional Conduct, 37 C.F.R. §§ 11.101 *et seq.*, which govern attorney conduct thereafter. When a registered practitioner does not comply with his professional obligations, the PTO can suspend or exclude him from practicing before the Office after notice and opportunity for a hearing. 35 U.S.C. § 32; 37 C.F.R. § 11.20.

The Administrative Procedure Act (APA) governs district court review of disciplinary action taken by the PTO. *Bender v. Dudas*, 490 F.3d 1361, 1365–66 (Fed. Cir. 2007). Pursuant to the APA, a decision is upheld unless "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706. We review a district court's decision on a petition for review of a PTO disciplinary decision de novo, applying the same standard applied by the district court. *See Sheinbein*, 465 F.3d at 495. Mr. Piccone raises numerous procedural and substantive challenges to the PTO disciplinary proceeding. As detailed below, Mr. Piccone's arguments fail.

### 1. The Institution of Disciplinary Proceedings

Mr. Piccone argues that the disciplinary action against him was not properly authorized because Deputy OED Director William Griffin signed the Complaint initiating the action rather than OED Director William Covey. Appellant's Br. 18–22. The controlling regulation provides that the signature of the OED Director is a required component of a disciplinary complaint. 37 C.F.R. § 11.34(a)(5) ("A complaint instituting a disciplinary proceeding shall . . . [b]e signed by the OED Director."). It is, however, well established that delegation of duties is presumptively permissible. *See Ethicon Endo-Surgery, Inc. v. Covidien LP*, 812 F.3d 1023, 1031–32 (Fed. Cir. 2016); *U.S. Telecom Ass'n v. F.C.C.*, 359 F.3d 554, 565 (D.C. Cir. 2004). Both Director

Covey and Deputy Director Griffin signed sworn statements, declaring that Director Covey delegated the authority to commence proceedings against Mr. Piccone to Deputy Director Griffin. J.A. 342–45. Mr. Piccone provides no evidence to the contrary and makes no argument as to why the presumption of permissible delegation should not apply in this instance. Accordingly, Deputy Director Griffin was within his power to institute disciplinary proceedings against Mr. Piccone.

## 2. Statute of Limitations

Mr. Piccone argues that the PTO failed to commence the disciplinary proceedings within the applicable statute of limitations. Appellant's Br. 40–41. A disciplinary proceeding:

> shall be commenced not later than the earlier of either the date that is 10 years after the date on which the misconduct forming the basis for the proceeding occurred, or 1 year after the date on which the misconduct forming the basis for the proceeding is made known to an officer or employee of the Office as prescribed in the regulations established under section 2(b)(2)(D).

35 U.S.C. § 32. The relevant regulation provides, "[a] complaint shall be filed within one year after the date on which the OED Director receives a grievance forming the basis of the complaint." 37 C.F.R. § 11.34(d). A "grievance" is defined as "a written submission from any source received by the OED Director that presents possible grounds for discipline of a specified practitioner." *Id.* § 11.1.

The statute of limitations is an affirmative defense that Mr. Piccone bore the burden of establishing by clear and convincing evidence before the PTO. 37 C.F.R. § 11.49. The PTO determined that he failed to meet that burden, and determined that the complaint was brought within the limitations period. Now, on appeal, Mr. Piccone must show

that the PTO's determination was arbitrary or capricious. He does not meet this burden. OED learned of Mr. Piccone's misconduct on December 11, 2013, when the Massachusetts Board of Bar Examiners called and emailed OED to check whether his licensure was impacted by a suspension in Pennsylvania. J.A. 601–02. Within one year, on December 10, 2014, OED filed a complaint commencing a disciplinary proceeding. Mr. Piccone has identified no evidence to the contrary.

Mr. Piccone further argues that the PTO had constructive notice of his misconduct when his Pennsylvania bar license was suspended because the Pennsylvania Supreme Court published notices of his suspensions in 2011 and 2012. Appellant's Br. 40. The one-year limitations period runs from the date misconduct "is made known to an officer or employee of the Office as prescribed in the regulations," which state that the relevant date is "the date on which the OED Director receives a grievance." 35 U.S.C. § 32; 37 C.F.R. § 11.34(d). Under this framework, contrary to Mr. Piccone's position, constructive notice is not enough. Thus, the PTO's determination that the disciplinary complaint was brought within the statute of limitations was not arbitrary, capricious, or otherwise not in accordance with law.

### 3. The ALJ's Discovery Decisions

Mr. Piccone argues that the ALJ's discovery decisions denied him due process. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Mr. Piccone argues that this requirement was not met because (1) OED attorneys were required to produce exculpatory evidence but failed to do so, (2) he was entitled to full discovery as part of the administrative proceeding but did not receive it, and (3) his reasonable requests to the ALJ for discovery were denied.

Appellant's Br. 22–31. Mr. Piccone has not demonstrated a violation of due process.

First, Mr. Piccone's argument that OED denied him due process by failing to produce exculpatory evidence is baseless. Mr. Piccone does not identify any evidence withheld by the PTO in the disciplinary proceeding—he merely speculates about types of documents that, should they exist, might help his case. Appellant's Reply Br. 17–18. Where, as here, there is no reason to believe OED failed to disclose exculpatory evidence, there is no basis for questioning the propriety of its procedure.

Second, there is no right to the full scope of discovery permitted under the Federal Rules of Civil Procedure in a PTO disciplinary action. Mr. Piccone's reliance on 35 U.S.C. § 24 as establishing such a right is misplaced. Section 24, relating to witnesses and subpoenas, states, "[t]he provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent and Trademark Office." 35 U.S.C. § 24. But it is well established that Section 24 relates only to the handling of witnesses and does not afford a party any right to discovery beyond what is allowed by PTO discovery rules. *Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1325–26 (Fed. Cir. 2013).

Third, the record reflects that Mr. Piccone was given much of the discovery he requested once he complied with the ALJ's scheduling order and PTO regulations. The ALJ authorized written discovery requests to OED and allowed Mr. Piccone to depose the executive director of the Massachusetts Board of Bar Examiners. Mr. Piccone's argument that he was denied all "reasonable attempts" at discovery is, thus, unsupported. We find no due process violation in the disciplinary proceeding.

### 4.  Unauthorized Practice of Law Before the PTO

Mr. Piccone argues that the PTO's conclusion that he engaged in unauthorized practice of law in a trademark matter ignored his status as a director of the organization involved therein.  The PTO's decision finding that Mr. Piccone was an attorney representing the organization, as opposed to a member of the organization, was not arbitrary or capricious.

The PTO found that Mr. Piccone violated the prohibition against unauthorized practice of law, as set out in 37 C.F.R. § 11.505,  when he prepared a Response to Office Action on Behalf of Lawless America Association (Lawless) during the prosecution of a trademark application. J.A. 650–52.  On February 12, 2014, while Mr. Piccone's Pennsylvania bar license was suspended, he sent a draft of the Response to the President of Lawless, who submitted it to the PTO.  At that time, Mr. Piccone remained the attorney of record.

Mr. Piccone argues that his activity in the Lawless trademark matter was permissible because he was a director of the organization.  Appellant's Br. 42–46.  The governing regulations provide that only attorneys may *practice* before the PTO in trademark matters but allow officers of an organization a right to appear in trademark matters.  37 C.F.R. § 11.14.  The PTO found that there was no evidence that Mr. Piccone was appearing as a member of Lawless rather than practicing as an attorney on behalf of the organization.  Mr. Piccone signed documents filed with the PTO as the attorney of record and the President of Lawless acted as the corporate officer by signing the February 12 Response.  Thus, we find that the PTO's conclusion that Mr. Piccone was practicing law, in contravention of 37 C.F.R. § 11.505, was not arbitrary or capricious.

### 5. Unauthorized Practice of Law in Massachusetts

The PTO found against Mr. Piccone on three counts of misconduct due to his repeated failure to seek admission *pro hac vice* in Massachusetts. Mr. Piccone argues that the PTO's decision was factually and legally flawed. Appellant's Br. 31–34. He argues that he was protected by a safe harbor provision in Massachusetts Rule of Professional Conduct 5.5(c)(2) that allows attorneys to practice pending admission *pro hac vice*. The safe harbor applies if the attorney "reasonably expects to be . . . authorized" to practice *pro hac vice* in the future. Mass. Rules Prof'l Conduct r. 5.5(c)(2). But Mr. Piccone never sought *pro hac vice* admission in the Massachusetts actions, indicating he lacked the reasonable belief of future admission necessary to qualify for the safe harbor.

Mr. Piccone also argues that under Massachusetts Rule of Professional Conduct 5.5(c)(2) he is allowed to assist any "person . . . authorized by law" to appear in a proceeding, including a *pro se* individual. While a *pro se* individual is authorized to appear before a court, a person is no longer *pro se* once he is represented by an attorney. A represented person is *not* individually authorized to appear before a court. Thus, Mr. Piccone's argument that he was merely assisting a person authorized to appear before the court, where the PTO found Mr. Piccone was acting as an attorney for the plaintiffs in the Massachusetts cases, fails. The PTO's decision related to Mr. Piccone's unauthorized practice of law in Massachusetts was not arbitrary, capricious, or otherwise not in accordance with law.

### CONCLUSION

We have considered Mr. Piccone's remaining arguments but find them unpersuasive. For the foregoing reasons, we *affirm* the district court's dismissal of Mr. Piccone's challenge to his suspension.

### AFFIRMED