**BALLARD MEDICAL PRODUCTS,
Plaintiff/Appellant,**

v.

**H. Earl WRIGHT,
Defendant/Cross-Appellant.**

**Nos. 87–1038, 87–1064.**

United States Court of Appeals,
Federal Circuit.

June 24, 1987.

Lynn G. Foster, of Salt Lake City, Utah, argued for plaintiff/appellant. With him on the brief was John R. Merkling.

H. Ross Workman, Workman, Nydegger & Jensen, of Salt Lake City, Utah, argued for appellee. With him on the brief were David O. Seeley and Kent S. Burningham.

Before MARKEY, Chief Judge, SKELTON, Senior Circuit Judge, and SMITH, Circuit Judge.

## ON MOTION

MARKEY, Chief Judge.

### ORDER

Ballard Medical Products (Ballard) has moved (1) for leave to file a post-hearing memorandum, attaching the memorandum, and (2) for attorney fees as sanctions. H. Earl Wright (Wright) has filed an opposition and Ballard has moved for leave to file a reply thereto, attaching its reply. Wright has filed an opposition to Ballard's motion for leave to file a reply.

In its brief on appeal, Wright had stated, footnotes 19–20, pages 21–22, that two documents relied upon by Ballard were not of record before the district court. In its reply brief, Ballard did not respond to that allegation. At oral argument, this court expressed dismay that the parties had made no attempt to clarify the matter, and questioned whether other documents in the appendix were not before the district court.

Ballard now says the two documents were before the district court as exhibits to an affidavit, and seeks attorney fees, accusing Wright of "misrepresentations" made "intentionally or by gross carelessness" and constituting a "reprehensible and irresponsible practice."

Wright now concedes that one of the documents was before the district court and apologizes to the court and Ballard for the oversight. However, Wright demonstrates that the second document was not before the district court, and points to other documents Ballard included in the appendix that were not before the district court. Wright gives no reason for not having earlier moved to strike the "other documents."

In reply, Ballard ignores its misstatement about one of the documents, and maintains that the "other documents" were of record on appeal because they were "filed" in the district court.

The district court docket sheet shows that the "other documents" were *not* before the district court on October 2, 1986, the day on which final judgment was entered. Rather, three days before noticing its appeal, Ballard filed a "Certificate of Filing Certain Documents of Record in Arbitration." Ballard cites no reason for that unauthorized "filing", the only apparent purpose of which was to provide a cover for inclusion of the "other documents" in the appendix on appeal.

An appellate court may consider only the record as it was made before the district court. *Thomas & Betts Corp. v. Litton Systems, Inc.*, 720 F.2d 1572, 1581 n. 6, 220 U.S.P.Q. 1, 7 n. 6 (Fed.Cir.1984). *See also Manning v. Lockhart*, 623 F.2d 536, 538 (8th Cir.1980); *In re Arthur Andersen & Co.*, 621 F.2d 37, 39 (1st Cir. 1980). Ballard improperly included in the appendix all save one of the documents involved here.

The conduct of counsel for the parties in this appeal has been unprofessional. It has been characterized by improper insertions in the appendix, carelessly made charges, refusals to respond to charges, lack of candor, intemperate language, and reciprocal finger-pointing, all constituting a substantial waste of the time and limited resources of the court and reflecting an absence of respect for the judicial process expected of officers of the court. The demand for attorney fees, made by one who had flouted the rules and procedures of the court, is but one example of the unprofessional approach taken on this appeal.

Accordingly,

IT IS ORDERED THAT:

(1) Ballard's motions for leave to file its memorandum and its reply are granted.

(2) Ballard's motion for attorney fees is denied.