NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7169

HELMA W. LOWGREN,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

——————————————\_\_

DECIDED: December 7, 2005

━━━━━━━━━━━━━━━

Before MICHEL, <u>Chief Judge</u>, CLEVENGER, and SCHALL, <u>Circuit Judges</u>.

PER CURIAM.

DECISION

Helma W. Lowgren appeals from the final decision of the United States Court of
Appeals for Veterans Claims ("Veterans Court") that affirmed the decision of the Board
of Veterans Appeals ("Board") denying Mrs. Lowgren's claim for accrued benefits.
<u>Lowgren v. Nicholson</u>, No. 02-2289, slip op. (Vet. App. Mar. 17, 2005) ("<u>Final
Decision</u>"). Because we understand Mrs. Lowgren to be challenging only the Veterans

Court's factual determinations or the court's application of law to the facts of her case, we lack jurisdiction. We therefore dismiss her appeal.

DISCUSSION

I.

At the time pertinent to this case, accrued benefits were defined by statute as "periodic monetary benefits to which an individual was entitled at death under existing ratings or decisions, or those based on evidence in the file at the date of death . . . and due and unpaid for a period not to exceed two years." 38 U.S.C. § 5121(a) (1999). For a surviving spouse to be entitled to accrued benefits, "the veteran must have had a claim pending at the time of his death for such benefits or else be entitled to them under an existing rating or decision." Jones v. West, 136 F.3d 1296, 1299 (Fed. Cir. 1998).

Mrs. Lowgren is the widow of Carl B. Lowgren, a veteran. Mr. Lowgren died on December 10, 1999. At the time of his death, Mr. Lowgren was receiving military retirement pay. However, he was not receiving any benefits administered by the Veterans Administration ("VA"). That is because Mr. Lowgren never waived all or part of his retirement pay during his lifetime in order to receive VA compensation. At the time of Mr. Lowgren's death, the VA was barred by statute from compensating veterans who received military retirement pay unless they filed a waiver of a portion or all of their retirement pay. See 38 U.S.C. § 5304 (1999); 38 C.F.R. § 3.750 (1999). When he died, Mr. Lowgren did not have a pending claim for VA benefits.

Following her husband's death, Mrs. Lowgren submitted a claim to the VA's Virginia Regional Office ("RO"). In her claim, Mrs. Lowgren sought accrued VA benefits that she asserted Mr. Lowgren was entitled to at the time of his death. In a May 2000

letter, the RO informed Mrs. Lowgren that she was not entitled to accrued benefits because Mr. Lowgren was not receiving any VA benefits when he died. The Statement of the Case that Mrs. Lowgren received in response to her subsequent Notice of Disagreement with the RO's decision explained that "[t]here were no payments due to Mr. Lowgren and unpaid at the time of [his] death because he did not execute an election during his lifetime" with respect to such benefits. Thereafter, in a September 12, 2002 decision, the Board denied Mrs. Lowgren's claim. The Board stated that because her husband had not elected to receive them, "there were no VA benefits due and payable at the time of [Mr. Lowgren's] death, and, thus, there are no accrued benefits payable to [Mrs. Lowgren] now." Lowgren v. Nicholson, No. XC4824472, slip op. at 7 (Bd. of Vet. Affairs Sept. 12, 2002).

Mrs. Lowgren appealed the denial of her claim to the Veterans Court. In the Final Decision, the Veterans Court affirmed the decision of the Board, stating:

> In this case, neither party disputes that Mr. Lowgren never executed a waiver of any portion of his [military retirement pay], and, there is likewise no indication in the record on appeal that such a waiver was executed during Mr. Lowgren's life. Absent such a waiver, there are no payments to which Mr. Lowgren would have been entitled, and, therefore, as a matter of law, Mrs. Lowgren is not entitled to any accrued benefits.

Final Decision, slip op. at 3 (citations omitted). After the Veterans Court affirmed the decision of the Board, Mrs. Lowgren appealed to this court.

II.

We have jurisdiction to review a decision of the Veterans Court to determine if its interpretation of a statute or regulation or its conclusion as to the validity thereof was 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2)

contrary to constitutional right, power, privilege, or immunity; 3) outside the Veterans Court's jurisdiction or a violation of statutory right; or 4) not in accordance with the required procedure. Maxson v. Gober, 230 F.3d 1330, 1332 (Fed. Cir. 2000). We do not have jurisdiction to review a decision of the Veterans Court as to 1) a challenge to a factual determination; or 2) a challenge to a law or regulation as applied to the facts of a specific case. Id.; 38 U.S.C. § 7292(d)(2) (1999).

Mrs. Lowgren does not argue that the Veterans Court misinterpreted any statute or regulation or that any pertinent VA regulation is invalid. Nor does she raise any constitutional issues. At the same time, to the extent that she discusses the circumstances surrounding the denial of her claim for accrued benefits, her appeal must be viewed as a challenge to either the factual underpinnings of the Veterans Court's decision or the court's application of law to fact. Under these circumstances, Mrs. Lowgren's appeal is beyond the scope of our jurisdiction. See Helfer v. West, 174 F.3d 1332, 1335-36 (Fed. Cir. 1999).[1]

For the foregoing reasons, Mrs. Lowgren's appeal is dismissed for lack of jurisdiction.

Each party shall bear its own costs.

---

[1] On appeal, Mrs. Lowgren raises a number of issues that are not relevant to the denial of her claim for accrued benefits. Thus, she refers to such matters as the extent of her husband's disabilities, the medical treatment he received from the VA, and Survivors' Benefit Plan, Social Security, and Dependency and Indemnity Compensation benefits, as well as an unappealed 1999 RO rating decision that denied Mr. Lowgren's claim for special monthly compensation based upon the need for the regular aid and attendance of another person. As far as we can tell, none of these matters were raised before the Board or considered by the Veterans Court. For that reason, even if we did have jurisdiction in this case, we would not consider them. See Forshey v. Principi, 284 F.3d 1335, 1358 (Fed. Cir. 2002) (en banc) (holding that this court generally will not decide issues not raised below); see also Ballard Med. Prods. v. Wright, 821 F.2d 642, 643 (Fed. Cir. 1987).