NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**SHAHRIAR BEHNAMIAN,**

*Plaintiff-Appellant*

**v.**

**COKE MORGAN STEWART, ACTING UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND ACTING DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE, UNITED STATES PATENT AND TRADEMARK OFFICE,**

*Defendants-Appellees*

———————————

2024-1139

———————————

Appeal from the United States District Court for the Eastern District of Virginia in No. 1:21-cv-01043-RDA-IDD, Judge Ivan D. Davis.

———————————

Decided: February 26, 2025

———————————

SHAHRIAR BEHNAMIAN, Washington, DC, pro se.

MATTHEW JAMES MEZGER, United States Attorney's Office for the Eastern District of Virginia, United States

Department of Justice, Alexandria, VA, for defendants-appellees.  Also represented by JESSICA D. ABER.

—————————————

Before REYNA, TARANTO, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Appellant Shahriar Behnamian appeals from a decision of the United States District Court for the Eastern District of Virginia, *Behnamian v. Hirshfeld*, No. 21-cv-1043-RDA-IDD, 2022 WL 1227996 (E.D. Va. Apr. 26, 2022) ("*Decision*"), *appeal transferred sub nom. Behnamian v. Vidal*, No. 22-1581, 2023 WL 8170728 (4th Cir. Nov. 6, 2023).  For the reasons below, we *affirm*.

## I.  BACKGROUND

Mr. Behnamian worked as a patent examiner with the United States Patent and Trademark Office ("USPTO") from January 21, 2009, until May 21, 2020.  *Decision* at *1; S. App'x 42 ¶ 40.[1]  In 2019, Mr. Behnamian alleges that his direct supervisor, Charles Appiah, "began randomly, without notice to [Mr. Behnamian], and without [Mr. Behnamian]'s approval issuing notices to patent applicants indicating that [Mr. Behnamian]'s last [Office Action] was vacated and a new [Office Action] would be forthcoming."  S. App'x 42 ¶ 42.  Mr. Behnamian notified the Technology Center 2600 Director, Mr. Diego Gutierrez, about this issue.  S. App'x 42–43 ¶ 42.  Mr. Behnamian alleges that Mr. Appiah's "behavior and tone changed in a negative manner toward [Mr. Behnamian]" after he complained to Mr. Gutierrez.  S. App'x 43 ¶ 43.  In 2019, Mr. Behnamian also requested leave from work to remain near his pregnant wife, *Decision* at *1; S. App'x 44 ¶ 45, but Mr. Appiah

—————————————

[1]  "S. App'x" refers to the supplemental appendix, ECF No. 11, filed by the Defendants-Appellees.

denied this request. *Decision* at \*1; S. App'x 44 ¶ 45. Mr. Behnamian alleges that he contacted four Technology Center 2600 Directors, including Mr. Gutierrez, about this denial. *Decision* at \*1; S. App'x 44 ¶ 46. Mr. Gutierrez eventually granted the leave request. *Decision* at \*1; S. App'x 44 ¶ 46.

Mr. Behnamian contends that Mr. Appiah subsequently "increased his retaliation efforts." *Decision* at \*2; S. App'x 44 ¶ 48. Specifically, Mr. Behnamian alleges that Mr. Appiah began scrutinizing his work and monitoring his time and attendance more closely than he had done previously. *Decision* at \*2; S. App'x 44 ¶ 48. Mr. Behnamian also alleges that Mr. Appiah removed Mr. Behnamian's access to the Record Sharing Platform. *Decision* at \*2; S. App'x 44 ¶ 48. On October 8, 2019, Mr. Appiah proposed suspending Mr. Behnamian for absence without leave ("AWOL") based on a finding that Mr. Behnamian was AWOL for 30 hours and 15 minutes between April 28, 2019, and June 8, 2019. *Decision* at \*2 n.2; S. App'x 45 ¶ 51; S. App'x 50–51 ¶ 69. Mr. Behnamian was ordered to serve a five-day suspension beginning on March 9, 2020. *Decision* at \*2; S. App'x 46 ¶ 54.

After the suspension, Mr. Behnamian resumed his job as a patent examiner. S. App'x 62–63 ¶ 97. However, during the week of May 11, 2020, Mr. Behnamian submitted a two-week notice in advance of his intended resignation from the job. *Decision* at \*2; S. App'x 46 ¶ 55. On May 18, 2020, Mr. Behnamian applied to practice before the United States Patent and Trademark Office ("USPTO"). *Decision* at \*2; S. App'x 99–100. Based on his status as a former USPTO employee, Mr. Behnamian sought a waiver of examination. *Decision* at \*2; S. App'x 99. Part of the application for registration to practice before the USPTO contained questions regarding "[c]andor and truthfulness." S. App'x 100. Relevant here, Question 17 asked the following:

> Have you ever been disciplined, reprimanded, or suspended in any job for conduct involving dishonesty, fraud, misrepresentation, deceit, or for any violation of Federal or State laws or regulations?

*Decision* at *2; S. App'x 100.

Mr. Behnamian responded "NO" to Question 17. *Decision* at *2; S. App'x 100. On May 21, 2020, Mr. Behnamian officially resigned from his position with the USPTO. *Decision* at *1; S. App'x 46 ¶ 55. Following the submission of his application, the Office of Enrollment and Discipline ("OED") asked for information from Mr. Gutierrez regarding Mr. Behnamian's moral character and reputation, pursuant to 37 C.F.R. § 11.8(a). *Decision* at *2; S. App'x 119; S. App'x 799. In response to the request, the OED learned of Mr. Behnamian's suspension. S. App'x 797–99. The OED sought additional information from Mr. Behnamian regarding the "nature and circumstances of [the] suspension." S. App'x 837; *Decision* at *2. Mr. Behnamian maintained that the allegation that he had been paid for hours not worked had never been proven to be true. S. App'x 852. However, Mr. Behnamian acknowledged that he never appealed his suspension. S. App'x 853. The OED found that Mr. Behnamian "did not comply with the exhortation to candor prefacing the Background Information section of the Application." S. App'x 1086; *Decision* at *2.

On January 15, 2021, the OED Director denied Mr. Behnamian's application to register to practice in patent cases before the USPTO. *Decision* at *2; S. App'x 1104–06; S. App'x 1109–15. Mr. Behnamian petitioned for review of this decision to the Director of the USPTO, who affirmed the denial of Mr. Behnamian's application on August 9, 2021. *Decision* at *2; S. App'x 430–56; S. App'x 138–53; S. App'x 459–60. On September 7, 2021, Mr. Behnamian contacted the USPTO's Office of Equal Employment Opportunity and Diversity ("OEEOD") to report the

allegedly retaliatory events that he experienced as a former USPTO employee from April 2019 through May 2020. *Decision* at \*2; S. App'x 1177 ¶ 4, 1178 ¶¶ 6–8; S. App'x 1182–83; S. App'x 1186–94.

On September 10, 2021, Mr. Behnamian filed a complaint, which included allegations framed as a petition for review of the denial of his application for registration to practice before the USPTO under 35 U.S.C. § 32 and allegations of conduct for which he sought relief under Title VII of the Civil Rights Act of 1964. *Decision* at \*1; S. App'x 28–87. The district court granted the Defendants' motion to dismiss Mr. Behnamian's complaint under Federal Rule of Civil Procedure 12(b)(5), concerning insufficient service of process, and granted the Defendants' motion for summary judgment. *Decision* at \*1, 5, 11. The district court also dismissed Mr. Behnamian's petition for review. *Id.*

Mr. Behnamian appeals *pro se*. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II.  STANDARD OF REVIEW

We review the dismissal of a complaint for improper service under the standards set by the regional circuit. *See, e.g., Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1288 (Fed. Cir. 2024); *Intel Corp. v. Commonwealth Sci. & Indus. Rsch. Organisation*, 455 F.3d 1364, 1368–69 (Fed. Cir. 2006). We also review a district court's grant of summary judgment under regional circuit law. *Syngenta Crop Prot., LLC v. Willowood, LLC*, 944 F.3d 1344, 1355 (Fed. Cir. 2019). Under Fourth Circuit law, dismissals under Rule 12(b)(5) are reviewed for abuse of discretion, *Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 708 (4th Cir. 1993), and decisions granting summary judgment are reviewed de novo, *Villa v. CavaMezze Grill, LLC*, 858 F.3d 896, 900 (4th Cir. 2017).

"The PTO has statutory authority to suspend or exclude 'from further practice before the Patent and

Trademark Office, any person, agent, or attorney shown to be incompetent or disreputable, or guilty of gross misconduct, or who does not comply with the regulations established under section 2(b)(2)(D) of this title.'" *Bender v. Dudas*, 490 F.3d 1361, 1365 (Fed. Cir. 2007) (citing 35 U.S.C. § 32). The Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702–706, governs the review of an order of the USPTO regarding a registration application under 35 U.S.C. § 32. *See Bender*, 490 F.3d at 1365–66. This court shall set aside the USPTO's determination if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). We review the district court's dismissal of the petition for review (a matter particular to patent law) de novo, "reapplying the [APA] standard." *Sheinbein v. Dudas*, 465 F.3d 493, 494–95 (Fed. Cir. 2006).

## III. DISCUSSION

### A.

The district court did not abuse its discretion by finding that Mr. Behnamian failed to properly serve the complaint and summons. *See Decision* at *5. Rule 4(c)(2) clearly explains that a party to the underlying lawsuit may not serve the complaint and summons. Fed. R. Civ. P. 4(c)(2). However, it is undisputed that Mr. Behnamian personally served the complaint and summons on Defendants.[2] *Decision* at *5; Appellant's Br. 23; S. App'x 91–93. To support his method of service, Mr. Behnamian argues that he was informed by the clerk of the court that he properly served

---

[2]    Mr. Behnamian's reliance on E.D. Va. Local Rule 83.5 is unavailing because Mr. Behnamian admits that he did not comply with the requirement to send a copy of the summons and the complaint by registered or certified mail to the agency in accordance with Federal Rule of Civil Procedure 4(i)(2). Appellant's Br. 23.

the complaint and summons.[3]  Appellant's Br. 23 (explaining that the Court's Clerk indicated that "Plaintiff-Appellant was required to either personally serve the Complaint and Summons or *have an appropriate person serve the Complaint and Summons*." (emphasis added)).  Regardless of the alleged communication with the clerk, which purportedly included having an appropriate person serve the complaint and summons, Mr. Behnamian still failed to consult the applicable rules and to serve the Defendants properly.  We see no abuse of discretion in the district court's determination that neither good cause nor excusable neglect applies to Mr. Behnamian's failure to effect proper service of process.  Accordingly, we affirm on this ground.

## B.

Despite the defects above, we also address the merits of Mr. Behnamian's petition for review.  Mr. Behnamian raises several issues with the USPTO's handling of his petition.  First, he argues that the OED Director violated 37 C.F.R. § 11.7(h) when evaluating his moral character by doing so in a way that deprived Mr. Behnamian of the opportunity to be heard.  Appellant's Br. 32–33; *Decision* at *9.  Most relevant here, this regulation applies to

---

[3]  We also grant the motion of the agency to strike pages 86 through 105 from the Petitioner's Supplemental Appendix in ECF No. 20.  ECF No. 23.  The agency argues that this court should strike the pages in question, or at least omit them from consideration because they were never presented to the district court below.  *Id.* at 2–3.  We agree and do not consider these pages because they were never presented to the district court.  *See, e.g.*, *Ballard Med. Prods. v. Wright,* 821 F.2d 642, 643 (Fed. Cir. 1987) ("An appellate court may consider only the record as it was made before the district court.").

individuals who were "disbarred or suspended from practice of law or other profession, or [who] ha[ve] resigned in lieu of a disciplinary proceeding." 37 C.F.R. § 11.7(h)(4)(i). The district court correctly assessed that 37 C.F.R. § 11.7(h)(4) does not apply to Mr. Behnamian, who was neither disbarred nor suspended from the practice of any profession and who did not resign in lieu of a disciplinary proceeding. *See Decision* at *9.

Second, Mr. Behnamian disputes the decision of the agency to suspend him based on the charge that he was AWOL. Appellant's Br. 33. Mr. Behnamian asserts that his suspension was based on the Telework Enhancement Act Pilot Program work agreement, which he signed after the alleged AWOL hours. *See Decision* at *9–10; Appellant's Br. 31. Here too, the district court did not err. The suspension decision was instead based on a detailed analysis of Mr. Behnamian's time worked and unaccounted-for time. *Decision* at *9; S. App'x 182–84.

Next, Mr. Behnamian disputes the OED's unfavorable determination regarding his candor. Appellant's Br. 34; S. App'x 49–69. We may only review the agency's final order, but we discern nothing arbitrary or capricious in the determination that Mr. Behnamian lacked candor. The agency reasonably determined that, by answering no to Question 17 and not even disclosing (with an explanation) the suspension just three months earlier for being AWOL (which meant he claimed pay for hours he did not work), Mr. Behnamian at a minimum violated the exhortation to candor required by the application. *See* S. App'x 470–74. Furthermore, Mr. Behnamian faults the agency for not crediting the letters of recommendation that he submitted. Appellant's Br. 17–18, 34. We discern no error in the agency's handling of Mr. Behnamian's credentials and recommendations, which the district court found are unresponsive to the issue of Mr. Behnamian's failure to disclose his suspension. *See Decision* at *10; S. App'x 473–74.

## IV. CONCLUSION

In light of the above conclusions, we need not address the Title VII issues addressed by the district court in its grant of summary judgment. We have considered Mr. Behnamian's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm* the judgment of the district court.

## AFFIRMED

### COSTS

No costs.